# EXHIBIT A

| Summons | CIVIL DOCKET NO. 284CV01347 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Michael D Scott Plaintiff(s) vs. The Bank of New York Mellon Trust Co. N.A. As Successor And Assigns of JPMorgan For Cert Hldrs. of NAAC Mtg. Pass Thru Cert. Series 2005-AR2 (BONY) Defendant(s) | | John E. Powers III  Acting Clerk of Courts Suffolk County COURT NAME & ADDRESS: Suffolk Superior Civil Court Three Pemberton Square Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO The Bank of New York Mellon Trust N.A. (BONY) (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Michael D. Ricciuti__, Chief Justice on _____, 20____ . (Seal)

Acting Clerk  _[signature]_

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I hereby certify that on __May 22, 2024__, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

__United States Postal Service - Certified mail return Receipt.__

Dated: __May 22 2024__          Signature: _[signature]_

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2484CV01347 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Scott, Michael vs. The Bank Of NY Mellon Trust Company | | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
| TO: Michael Scott No addresses available , | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - X - Accelerated

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/20/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 05/22/2025 | |
| All motions under MRCP 12, 19, and 20 | | | |
| All motions under MRCP 15 | | | |
| All discovery requests **and depositions** served and non-expert depositions completed | | | |
| All motions under MRCP 56 | | | |
| Final pre-trial conference held and/or firm trial date set | | | |
| Case shall be resolved and judgment shall issue by | | | |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 05/22/2024 | ASSISTANT CLERK Melissa Doris | | PHONE (617)788-8107 |
|---|---|---|---|

# COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT

**SUFFOLK, ss**                                                        **Civil Action No.**

---

**MICHAEL DAVID SCOTT**                                                **COMPLAINT.**

v.

**THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK N.A. AS TRUSTEE , FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2,**

**Defendants**

## PRELIMINARY STATEMENT

Now comes Michael David Scott, asking that the court finds that The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, ("BONY"), ("The Bank OF New York") is: (1)Not the legitimate mortgage holder  (2) that BONY does not have possession of the original note, (1) that BONY violated M.G.L 93A when it initiated foreclosure proceedings against on the property at 6 Erick Road #52, Mansfield MA, 02048.

1

The actions of BONY have caused Mr. Scott significant harm, as BONY is attempting to evict his 96-year-old disabled mother and his aunt, they have also refused to modify the loan and have invalidated every attempt to resolve the delinquency.

## PARTIES

1. Michael Scott owns the property at 6 Erick Road #52 Mansfield MA, 02048.
2. The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is claiming to be the holder of the original note and mortgage.

## FACTS

1. Mr. Scotts gave a mortgage to Gateway Funding Diversified Mortgage Service, LP on the property at 6 Erick Road# 52 Mansfield, MA, on January 10, 2005.

2. On August 4, 2009, Mortgage Electronic Registration Systems, Inc. P.O. Box 2026 assigned the mortgage to The Bank of New York Mellon Trust Company A, fka The Bank of New York Trust Company, NA as Successor in interest to JP Morgan Chas Bank, NA, as Trustee for **Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2**,.

3. On September 27, 2012, a confirmatory assignment was filed in the Taunton registry of deeds that: The Bank of New York Mellon Trust Company NA, fka The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for NAAC, **Mortgage Pass-through Certificate Series Trust Series 2005- AR2** was the holder of the mortgage—book 20485 Pg. 97.

4. On February 15, 2013, an assignment was filed that The Bank of New York Mellon Trust Company NA, F/K/A The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for NAAC Mortgage Pass-through Certificate Series Trust Series 2005- AR2 was the holder of the mortgage, book 20843 pg. 144, and the mortgage was assigned to The Bank of New York Mellon Trust Company N.A., F/K/A The Bank of New York Trust Company N.A. As Successor In Interest JP Morgan Chase Bank N. A., For Certificate holders Of Nomura Asset Acceptance, Corporation Mortgage Pass-Through Certificates, Series 2005-AR2 -

5. On January 9, 2017, The Bank of New York Mellon Trust Company, N. A. F/K/A The Bank Of New York Trust Company N.A. as Successor In Interest to JP Morgan Chase Bank. N.A. For certificate holders Of Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2005-AR2. Successor in interest successors and assigns of JP Morgan Chase Bank N. A. as Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 was the holder of the mortgage- book 14426 page 310.

2

6. On November 2, 2016, U, S. Bank filed an affidavit under MGLc. 244sec. 35c in the Taunton Registry, stating that it was the note holder of the note. The affidavit is recorded in book: 23369 Pg142.
7. On July 31, 2023, an Order of Notice was filed in the Taunton of registry of deeds stating that "The Bank of New York Mellon Trust Company, N.A. . as successor -in-interest to all permitted successors and assigns of JP Morgan Chase Bank N.A. as Trustee, for certificate holders of Nomura Asset Acceptance Corporation, Mortgage Certificates, Series 2005-AR2, was the holder of the mortgage book 14426 Pg. 310.

## CAUSES OF ACTION
### COUNT 1-
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, not the holder of the original wet ink note.

### COUNT 2-
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, not the holder of the mortgage.

### COUNT 3- M,G.L. 93A
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, violated M.G.L. 93A, based on its deceptive practice of purporting to be the note and mortgage holder. Their action caused irreparable harm and emotional distress.

### PRAYER

Wherefore that plaintiff asks that a trial by jury be held and that the jury finds that:

1. That The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is not the holder of the note.
2. The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is not the holder of the mortgage.

3

3. The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, violated M.G.L 93A, when it purported to be the note and mortgage holder, causing excessive harm.
The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2

Respectfully Submitted,

Michael D. Scott

8 Tiffany Road

Bourne MA, 02532

May 22, 2024

4

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2484CV01347 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Scott, Michael vs. The Bank Of NY Mellon Trust Company | | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
| TO: Michael Scott No addresses available , | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - X - Accelerated

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                         DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/20/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 05/22/2025 | |
| All motions under MRCP 12, 19, and 20 | | | |
| All motions under MRCP 15 | | | |
| All discovery requests **and depositions** served and non-expert depositions completed | | | |
| All motions under MRCP 56 | | | |
| Final pre-trial conference held and/or firm trial date set | | | |
| Case shall be resolved and judgment shall issue by | | | |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/22/2024 | ASSISTANT CLERK Melissa Doris | | PHONE (617)788-8107 |
|---|---|---|---|

Date/Time Printed: 05-22-2024 08:36:48                                                              SCV026\ 08/2018

# COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT

| | |
|---|---|
| **SUFFOLK, ss** | **Civil Action No.** |

| | |
|---|---|
| **MICHAEL DAVID SCOTT** | **COMPLAINT.** |
| v. | |
| **THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK N.A. AS TRUSTEE , FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2,** | |
| Defendants | |

## PRELIMINARY STATEMENT

Now comes Michael David Scott, asking that the court finds that The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, ("BONY"), ("The Bank OF New York") is: (1)Not the legitimate mortgage holder  (2) that BONY does not have possession of the original note, (1) that BONY violated M.G.L 93A when it initiated foreclosure proceedings against on the property at 6 Erick Road #52, Mansfield MA, 02048.

1

The actions of BONY have caused Mr. Scott significant harm, as BONY is attempting to evict his 96-year-old disabled mother and his aunt, they have also refused to modify the loan and have invalidated every attempt to resolve the delinquency.

## PARTIES

1. Michael Scott owns the property at 6 Erick Road #52 Mansfield MA, 02048.
2. The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is claiming to be the holder of the original note and mortgage.

## FACTS

1. Mr. Scotts gave a mortgage to Gateway Funding Diversified Mortgage Service, LP on the property at 6 Erick Road# 52 Mansfield, MA, on January 10, 2005

2. On August 4, 2009, Mortgage Electronic Registration Systems, Inc. P.O. Box 2026 assigned the mortgage to The Bank of New York Mellon Trust Company A, fka The Bank of New York Trust Company, NA as Successor in interest to JP Morgan Chas Bank, NA, as Trustee for **Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2**,.

3. On September 27, 2012, a confirmatory assignment was filed in the Taunton registry of deeds that: The Bank of New York Mellon Trust Company NA, fka The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for NAAC, **Mortgage Pass-through Certificate Series Trust Series 2005- AR2** was the holder of the mortgage—book 20485 Pg. 97.

4. On February 15, 2013, an assignment was filed that The Bank of New York Mellon Trust Company NA, F/K/A The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for NAAC Mortgage Pass-through Certificate Series Trust Series 2005- AR2 was the holder of the mortgage, book 20843 pg. 144, and the mortgage was assigned to The Bank of New York Mellon Trust Company N.A., F/K/A The Bank of New York Trust Company N.A. As Successor In Interest JP Morgan Chase Bank N. A., For Certificate holders Of Nomura Asset Acceptance, Corporation Mortgage Pass-Through Certificates, Series 2005-AR2 -

5. On January 9, 2017, The Bank of New York Mellon Trust Company, N. A. F/K/A The Bank Of New York Trust Company N.A. as Successor In Interest to JP Morgan Chase Bank. N.A. For certificate holders Of Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2005-AR2. Successor in interest successors and assigns of JP Morgan Chase Bank N. A. as Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 was the holder of the mortgage- book 14426 page 310.

2

6. On November 2, 2016, U, S. Bank filed an affidavit under MGLc. 244sec. 35c in the Taunton Registry, stating that it was the note holder of the note. The affidavit is recorded in book: 23369 Pg142.
7. On July 31, 2023, an Order of Notice was filed in the Taunton of registry of deeds stating that "The Bank of New York Mellon Trust Company, N.A. . as successor -in interest to all permitted successors and assigns of JP Morgan Chase Bank N.A. as Trustee, for certificate holders of Nomura Asset Acceptance Corporation, Mortgage Certificates, Series 2005-AR2, was the holder of the mortgage book 14426 Pg. 310.

## CAUSES OF ACTION
### COUNT 1-
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, not the holder of the original wet ink note.

### COUNT 2-
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. AS Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, not the holder of the mortgage.

### COUNT 3- M,G.L. 93A
### AGAINST THE BANK OF NEW YORK MELLON TRUST

The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, violated M.G.L. 93A, based on its deceptive practice of purporting to be the note and mortgage holder. Their action caused irreparable harm and emotional distress.

### PRAYER

Wherefore that plaintiff asks that a trial by jury be held and that the jury finds that:

1. That The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is not the holder of the note.
2. The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, is not the holder of the mortgage.

3. The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, violated M.G.L 93A, when it purported to be the note and mortgage holder, causing excessive harm.
The Bank Of NY Mellon Trust Company, N.A. as Successor-In-Interst to All Permitted Successors and Assigns Of JP Morgan Chase Bank N.A. As Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2

Respectfully Submitted,

Michael D. Scott

8 Tiffany Road

Bourne MA, 02532

May 22, 2024

4

Michael Scott
8 Tiffany Road
Bourne MA, 02532

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 0405 6914 59

Retail




29715

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BOSTON, MA 02114
MAY 22, 2024
**$9.92**
R2305K138023-88

The Bank of New York Mellon Trust, NA
c/o
Wells Fargo Home Mortgage
3476 State View Boulevard
Fort Mill, South Carolina, 29715

MAC:
ATTENTION RECIPIENT
The following piece of mail was delayed as a result of improper address and/or lack of valid Mail Address Code. Please notify the sender of your complete mailing address.

EUS CUSTOMER SUPPORT
SAN ANTONIO, TX
0054935
JUN 10 2024

MAC:
ATTENTION RECIPIENT
The following...