**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL DAVID SCOTT,<br><br>   Plaintiff,<br><br>v.<br><br>THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK, AS TRUSTEE, FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2<br><br>   Defendants. | Civil Action No. 1:24-cv-11614-AK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant The Bank of New York Mellon Trust Company, N.A., as Successor-in-Interest to All Permitted Successors and Assigns of JP Morgan Chase Bank N.A., as Trustee, for Certificate Holders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 ("Defendant" or the "Trust") submits this memorandum of law in support of its motion to dismiss the complaint (the "Complaint") filed by Plaintiff Michael David Scott ("Plaintiff") under Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, this Court should dismiss the Complaint.

## I. Introduction

This case involves Plaintiff's attempt to challenge a foreclosure of 6 Erick Road, #52, Mansfield, MA 02048 ("Property"). Under Massachusetts law, an entity may foreclose where it

(1) holds the mortgage by way of written assignment; and (2) is either the note holder or acting at the direction of the note holder. See Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 585-86 (2012); U.S. Bank Nat'l. Ass'n v. Ibanez, 458 Mass. 637, 649 (2011). Here, despite Plaintiff's conclusory allegations to the contrary, Defendant fulfills both requirements. Thus, Count II challenging Defendant's status as mortgagee and Count I challenging Defendant's status under the note fail. Count III, which asserts a violation of G.L. Chapter 93A, is premised entirely on Counts I and II and therefore fails for the same reasons. Further, Plaintiff has not alleged that he served a required pre-suit demand letter. Accordingly, this Court should dismiss Plaintiff's Complaint.

## II. Factual Background

On January 10, 2005, Plaintiff obtained a mortgage loan from Gateway Funding Diversified Mortgage Service, LP ("Gateway"). See Doc No. 1, Ex. A p. 2. He executed a promissory note in the principal amount of $180,000 ("Note"). See Exhibit 1, p. 1, Mortgage.[1] To secure the Note, Plaintiff granted a Mortgage to Mortgage Electronic Registration System's Inc. ("MERS") "acting solely as a *nominee for [Gateway] and [Gateway's] successors and assigns*" ("Mortgage" and together with the Note, the "Mortgage Loan"). Id. (emphasis added). The Mortgage, which is recorded in the Northern Bristol Registry of Deeds ("Registry") at Book 14426, Page 310, identifies MERS as the "the mortgagee under this Security Instrument." See Ex. 1, p. 1. Through the following series of recorded mortgage assignments, Defendant became the mortgagee.

---

[1] On a motion to dismiss, courts can properly take into account documents incorporated into the complaint as well as official public records. Newman v. Krintzman, 723 F.3d 308, 309 (1st. Cir. 2013); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006) ("court[s] may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice"). Accordingly, the Court may take judicial notice of the attached documents publicly recorded at the Registry of Deeds, many of which are referenced in the Complaint.

2

On March 27, 2009, MERS executed an Assignment of Mortgage to the "The Bank of New York Mellon Trust Company NA, fka The Bank of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA, as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2." See Exhibit 2, "First Assignment." The First Assignment, which was recorded in the Registry at Book 18282, Page 18, was executed by an Assistant Secretary and Vice President of MERS.

On September 24, 2012, MERS, as Nominee for Gateway, executed a Confirmatory Assignment of the Mortgage correcting a scrivener's error in the First Assignment to "The Bank of New York Mellon Trust Company NA, fka The Bank of New York Trust Company NA as successor in interest to JPMorgan Chase Bank, NA as Trustee for NAAC Mortgage Pass-Through Certificates Series 2005-AR2." See Exhibit 3, "Confirmatory Assignment." The Confirmatory Assignment, which was recorded in the Registry at Book 20485, Page 97, was executed by an Assistant Secretary of MERS.

On February 11, 2013, "The Bank of New York Mellon Trust Company N.A., f/k/a The Bank of New York Trust Company, N.A., as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2005-AR2" acting by and through its attorney in fact, Wells Fargo Bank, N.A. ("Wells Fargo"), executed a Corporate Assignment of Mortgage to "The Bank of New York Mellon trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, N.A., for Certificateholders of Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2005-AR2." See Exhibit 4, "Second Assignment." The Second Assignment, which was recorded in the Registry at Book 20843, Page 144, was executed by Wells Fargo under a referenced

319401735.4

Limited Power of Attorney ("LPOA"). The LPOA is recorded in the Registry at Book 20686, Page 91. See Exhibit 5, LPOA.

Last in the chain of mortgage assignments, on January 5, 2017, "The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, N.A., for Certificateholders of Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2005-AR2" executed a Corporate Assignment of Mortgage to "The Bank of New York Mellon Trust Company, N.A., as successor-in-interest to all Permitted Successors and Assigns of JPMorgan Chase Bank, N.A. as Trustee, for Certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2." See Exhibit 6, "Third Assignment." The Third Assignment, which was recorded in the Registry at Book 23520, Page 269, was executed by Wells Fargo under another LPOA. That LPOA is recorded in the Registry at Book 23442, Page 221. See Exhibit 7, LPOA.

Plaintiff defaulted on the Mortgage Loan by failing to make monthly payments, and Defendant started the foreclosure process.[2]

### III. Arguments & Authorities

A. Fed. R. Civ. P. 12(b)(6) Legal Standard.

A complaint must be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the … claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007)). To survive a motion to dismiss, a

---
[2] As of the date of this motion, the foreclosure process is on hold.

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Where a complaint pleads facts that are 'merely inconsistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (internal citations omitted). The Court should assume the truth of Plaintiff's well-pleaded factual allegations, but need not credit any naked assertions, conclusory statements, or implausible inferences. See id. Here, the Complaint fails to present any viable, non-conclusory claims, and should be dismissed.

B.  Count I Fails Because There Is A Complete Chain Of Assignments To The Foreclosing Entity.

Defendant (Trust) is the holder of the Mortgage via a complete chain of valid mortgage assignments. Under Massachusetts law, a mortgage assignment is a "conveyance of an interest in land that requires a writing signed by the grantor." U.S. Bank Nat'l v. Ass'n Ibanez, 458 Mass. 637, 649 (2011). Thus, to effectively transfer an interest, an assignment must identify the Property and state that the assignor "assigns" the mortgage to the assignee, no other magic words are needed. See G.L. c. 183, § 28 ("In an assignment of a mortgage of real estate the word 'assign' shall be a sufficient word to transfer the mortgage.")

In the First Assignment, MERS' authority to assign the Mortgage comes from the Mortgage itself, which expressly states: "Borrower does hereby mortgage, grant, and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property … "). See Ex. 1, p. 2. Thus, as the stated mortgagee, MERS was authorized to assign the Mortgage to "The Bank of New York Trust Company NA, fka The Bank of New York Trust Company, NA as successor in interest

5

to JP Morgan Chase Bank, NA, as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2." Ex. 2.

The Confirmatory Assignment that followed was not a new or further assignment, but rather expressly stated that it was "intended to correct the scriveners error in the previous assignment..." The Confirmatory Assignment amended two items. First, it added that the assignor and original mortgagee, MERS, was acting as Nominee for Gateway (as was provided for in the Mortgage), but it did not change the assignor. Second, it modified the descriptive name of the Assignee Trust (but did not change the identified "2005-AR2" Trust).

Confirmatory assignments are not new assignments, as they take the place of the earlier assignment where the earlier assignment was not in recordable form or bore some defect. See Orellana v. Deutsche Bank Nat. Tr. Co., 2013 WL 5348596 at n.16 (D. Mass. Aug. 30, 2013), report and recommendation adopted, Orellana v. Deutsche Bank Nat'l Tr. Co. for GSAA Home Equity Tr. Series 2006-11, No. CV 12-11982-NMG, 2013 WL 12324104 (D. Mass. Sept. 20, 2013) ("[a] defect in assignment could be resolved by the recording of a 'confirmatory assignment,' '[w]here an earlier assignment is not in recordable form or bears some defect …'"). See also Tucker v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr., Inc., 2006-HE3, Asset Backed Pass-Through Certificates Series 2006-HE3, 292 F. Supp. 3d 546, 552 (D. Mass. 2018), aff'd 2019 WL 13217415 (1st Cir. June 14, 2019) (finding confirmatory assignment may correct the nominee capacity of the assignor in an earlier assignment); Bon v. Graves, 216 Mass. 440, 444-445 (1914) (holding confirmatory deed obviated the defect in the title arising from a lack of a seal on the earlier deed). Thus, under Massachusetts law, the Confirmatory Assignment amended and took the place of the First Assignment, and it was appropriately used to correct, but not substantively change, the descriptions of the assignor/assignee.

319401735.4

The First Assignment, as modified by the Confirmatory Assignment, is binding upon MERS, as nominee of Gateway, under G.L. c. 183, § 54B ("Section 54B"). Section 54B states that a mortgage assignment (such as the First Assignment and Confirmatory Assignment in this case) "shall be binding" upon the entity that makes the Assignment "if executed before a notary public ... by a person purporting to hold the position of president, vice president, ... secretary ... or other similar office or position, including assistants to any such office or position, of the entity holding such entity..." G.L. c. 183, § 54B. Indeed, Section 54B makes the instrument binding on the entity, "without need of any vote affirming such authority or further evidence of their status as such an officer." See Sullivan v. Kondaur Cap. Corp., 85 Mass. App. Ct. 202, 212 (2014). Here, the First Assignment is notarized and signed by an individual expressly identified as an Assistant Secretary and Vice President of MERS. Likewise, the Confirmatory Assignment is notarized and signed by an individual expressly identified as an Assistant Secretary of MERS. Thus, under Section 54B, the Assignment is valid and binding on the entity. See Butler v. Duetsche Bank Tr. Co. Americas, 748 F.3d 28, 34 (1st Cir. 2014) (holding MERS fully abided by the statutory requirements of Section 54B when a Vice President of MERS signed assignments in the presence of a notary public). See also Fitzhugh v. HSBC Bank USA, Nat'l Assoc., 2020 WL 7075123 at *5 (D. Mass. Dec. 3, 2020), aff'd, 2023 WL 9111287 (1st Cir. Dec. 12, 2023) ("Under Massachusetts law, affidavits and assignments that are executed in compliance with Mass. Gen. Laws ch. 183, § 54B are 'presumptively valid.'") (quoting Gillogly v. Deutsche Bank Nat. Tr. Co., 2016 WL 3634236, at *1 (Mass App. Ct. 2016)); Bank of New York Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502-503 (2014) ("With the assignment here comporting with the requirements of the governing statute, it was "otherwise effective to pass legal title" and cannot be shown to be void). See Jones v. Bank of N.Y. Mellon, 2013 Mass. App. Unpub. LEXIS 1161, at *5 (Mass. App. Ct.

2013) (holding signatory had "authority to assign this mortgage on behalf of MERS as a matter of law pursuant to G.L. c. 18").

The Second and the Third Assignments complete the chain of assignments to the ultimate assignee (Defendant) that is alleged to have started the foreclosure process. Those assignments were each executed by Wells Fargo under two separate limited powers of attorney, which are recorded in the Registry. See Exs. 5, 7. The Second Assignment references a recorded LPOA that expressly appoints Wells Fargo to act on behalf of the Trust as well as the power to execute mortgage assignments (par. 6). Ex. 5. The LPOA supporting the Second Assignment clearly identifies the subject trust – "Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2004-AR2" - on its Exhibit A. Ex. 5, p.5. The Third Assignment references an LPOA for the Trust that expressly appoints Wells Fargo to act on behalf of the Trust as well as the power to execute mortgage assignments (par. 6). Ex. 7, p.1. Like the other assignments, the Second and Third Assignments are binding under Section 54B because they were executed before a notary by "a person … acting under [a] power of attorney on behalf of [the assigning] entity." G.L. c. 183, § 54B.

Given the recorded chain of written assignments, nothing more was required to complete the assignment of the Mortgage Loan to Defendant under Massachusetts law. See also Ibanez, 458 Mass. at 649.

Finally, Massachusetts law does not afford a mortgagor standing to challenge the validity of an assignment where (as is the case here) the assignments identify the Property and the Mortgage being assigned, and there is no question that the entity making the assignment had legal title to convey. See, e.g., Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013); Bank of New York Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502 (2014) (finding that "where the

8
319401735.4

2013) (holding signatory had "authority to assign this mortgage on behalf of MERS as a matter of law pursuant to G.L. c. 18").

The Second and the Third Assignments complete the chain of assignments to the ultimate assignee (Defendant) that is alleged to have started the foreclosure process. Those assignments were each executed by Wells Fargo under two separate limited powers of attorney, which are recorded in the Registry. See Exs. 5, 7. The Second Assignment references a recorded LPOA that expressly appoints Wells Fargo to act on behalf of the Trust as well as the power to execute mortgage assignments (par. 6). Ex. 5. The LPOA supporting the Second Assignment clearly identifies the subject trust – "Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2004-AR2" - on its Exhibit A. Ex. 5, p.5. The Third Assignment references an LPOA for the Trust that expressly appoints Wells Fargo to act on behalf of the Trust as well as the power to execute mortgage assignments (par. 6). Ex. 7, p.1. Like the other assignments, the Second and Third Assignments are binding under Section 54B because they were executed before a notary by "a person … acting under [a] power of attorney on behalf of [the assigning] entity." G.L. c. 183, § 54B.

Given the recorded chain of written assignments, nothing more was required to complete the assignment of the Mortgage Loan to Defendant under Massachusetts law. See also Ibanez, 458 Mass. at 649.

Finally, Massachusetts law does not afford a mortgagor standing to challenge the validity of an assignment where (as is the case here) the assignments identify the Property and the Mortgage being assigned, and there is no question that the entity making the assignment had legal title to convey. See, e.g., Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013); Bank of New York Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502 (2014) (finding that "where the

foreclosing entity has established that it validly holds the mortgage, a mortgagor in default has no legally-cognizable stake in whether there otherwise might be latent defects in the assignment process."); Hoyt v. BAC Home Loan Servicing, LLC, 87 Mass. App. Ct. 1113 at *2 (2015) (Rule 1:28 Decision) (adopting Culhane and holding that "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title"); Sullivan, 85 Mass. App. Ct. at 212 (2014) (same). In this case, the First Assignment is made by the originator, MERS, as nominee for Gateway, which unquestionably had valid title to convey, and did so by executing the First Assignment and Confirmatory Assignment. The remaining assignments continue the chain of record title to Defendant. For this reason, Plaintiff's claim that Defendant is not the mortgagee entitled to foreclose fails as a matter of law.

C.  Defendant Is Authorized To Foreclose Under The Note.

Under Massachusetts law, in order to legally foreclose on a property, an entity must be either the note holder or acting at the direction of the note holder. See Eaton 462 Mass. at 585-86. In his Complaint, Plaintiff makes only conclusory allegations that Defendant "is not the holder of the original wet ink note." See Doc No. 1, Ex. A, Count 1. The Complaint does not include any other allegations regarding the original note or plead the absence of any requirements under Eaton. The allegations do not include sufficient facts to "state a claim to relief that is plausible on its face" and does not give Plaintiff fair notice of what the … claim is and the grounds upon which it rests,'.'" Decotiis, 635 F.3d at 29 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007)). To state a claim, the Complaint must allege facts that demonstrate that Plaintiff is entitled to the relief that he seeks, and it does not do that.

Regardless of the conclusory allegations in the Complaint, Plaintiff's claim fails, because Defendant, by and through its agent, has physical possession of the Note.[3] Therefore, under Massachusetts law, Plaintiff may foreclose.

D.  Plaintiff Has Not Properly Alleged A Violation of Mass. Gen. Laws. Chapter 93A

Plaintiff's Chapter 93A claim is based entirely upon his allegations that Defendant does not have standing to foreclose because it is not the mortgagee, and that is not the note holder or acting at the behest thereof. Because the underlying theories fails as a matter of law, Defendants commencement of the foreclosure process could not be an unfair or deceptive act under G.L. c. 93A, and the claim should be dismissed.

Further, when alleging a violation of Mass. Gen. Laws. Chapter 93A, § 9, a plaintiff must allege that he sent a demand letter "reasonably describing the unfair or deceptive act or practice relied upon" in the underlying violation. Here, Plaintiff did not allege in his Complaint that he sent such a demand letter to Defendant, and therefore his claim fails. See Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 506 (D. Mass. 2012) ("Without a demand letter stating the specific alleged violations, Plaintiff cannot proceed with a claim of violation of Mass. Gen. Laws. Ch. 93A.").[4]

Regardless, even if Plaintiff alleged that he had sent such a letter to Defendant, Plaintiff's claim under Mass. Gen. Laws. Ch. 93A fails as it is not an unfair or deceptive practice for Defendant to foreclose on the Property when it holds the Mortgage by way of written assignment

---

[3] Defendant will make the Note available to the Court at a hearing on the motion to dismiss or otherwise. Defendant's counsel will also make the Note available for review by Plaintiff. During the meet and confer between counsel and Plaintiff regarding this motion, Plaintiff indicated that he would remove Court I if his review of the Note is satisfactory.

[4] During the meet and confer between counsel and Plaintiff on this motion, Plaintiff indicated that he sent a demand letter prior to filing the complaint. If so, and if that letter meets the requirements of the statute, the demand letter deficiency could be resolved by an amended pleading, and Defendant would not press this argument.

and is the Note holder, as explained above.  See Eaton 462 Mass. at 585-86; U.S. Bank Nat'l. Ass'n 458 Mass. at 649.

## IV. Conclusion

For the reasons set forth above, Defendant respectfully requests that the Court (1) grant its motion to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); (2) enter judgment dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); (3) and grant such other and further relief that it deems appropriate.

## Rule 7.1 Certification

Undersigned counsel hereby certifies that he conferred with the Plaintiff by telephone on July 15, 2024 regarding this motion including a good faith attempt to narrow the issues raised in it. Some of those discussions are referenced within this motion.

***Signature on next page***

Respectfully submitted,

The Bank of New York Mellon Trust Company, N.A., as Successor-in-Interest to All Permitted Successors and Assigns of JPMorgan Chase Bank, N.A., as Trustee, for Certificate Holders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates Series 2003-AC5,

By its counsel,

*/s/ David E. Fialkow*
David. E. Fialkow (BBO #666192)
david.fialkow@klgates.com
K&L GATES LLP
One Congress Street
Boston, MA 02114
+1 617 261 3126
+1 617 261 3175 (f)

Dated: July 17, 2024

## CERTIFICATE OF SERVICE

      I, David E. Fialkow certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 17th day of July 2024.

                                            */s/ David E. Fialkow*
                                            David E. Fialkow