# EXHIBIT 7

4

```
                                              2016 00051970
                                              Bk: 23442 Pg: 221  Page: 1 of 4
                                              Doc: PATTY  12/05/2016 11:09 AM
                                              ATTEST: Barry J. Amaral, Register
                                              Bristol County North Registry of Deeds
```

Recording Requested/Prepared By:

Wells Fargo Home Mortgage
2701 Wells Fargo Way,
Minneapolis, MN 55467
MAC N9289-016

A true copy
By photostatic process
Attest: *Barry J. Amaral*
Bristol County N.D.
Register of Deeds

RETURN TO

When Recorded Mail to:

Wells Fargo Home Mortgage
MAC N9289-016
~~2701 Wells Fargo Way,~~ 1000 Blue Gentian Rd
~~Minneapolis, MN 55467~~
Eagan  55121

Grantor: The Bank of New York Mellon Trust Company, N.A.
Grantee: Wells Fargo Bank, N.A.

---

## LIMITED POWER OF ATTORNEY
Title of Document

This Cover Sheet Added To Provide Adequate Space For Recording Information

RECORDING REQUESTED BY
& AFTER RECORDING RETURN TO:
Wells Fargo Bank, N.A.
Attn: MAC X3800-027
8480 Stagecoach Circle
Frederick, MD 21701

# LIMITED POWER OF ATTORNEY

      **KNOW ALL MEN BY THESE PRESENTS**, that the undersigned, **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor-in-interest to all permitted successors and assigns of JPMORGAN CHASE BANK N.A.**, as Trustee, having its branch office at 500 Ross Street, 12th Floor, Pittsburgh, PA 15262 and its main office at 400 South Hope Street, Suite, Los Angeles, CA 90017 (the "Bank"), pursuant to that Pooling and Servicing Agreement (the "Pooling and Servicing Agreement"), dated as of April 1st 2005, hereby appoint **Wells Fargo Bank, N.A.**, to be the Bank's true and lawful Attorneys-in-Fact (the "Attorneys") to act in the name, and on behalf, of the Bank with power to do only the following in connection with Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 on behalf of the Bank:

      1.      The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recordings is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured.

      2.      The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

      3.      The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

      4.      The completion of loan assumption agreements and modification agreements.

      5.      The full or partial satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

      6.      The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

      7.      The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

      8.      With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or recession of termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

          a.      the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

          b.      the preparation and issuance of statements of breach or non-performance;

NAAC 2005-AR2

  c.  the preparation and filing of notices of default and/or notices of sale;

  d.  the cancellation/rescission of notices of default and/or notices of sale;

  e.  the taking of a deed in lieu of foreclosure; and

  f.  to file and prosecute claims, and to appear on behalf of the Trustee, in bankruptcy cases affecting the Mortgage Note, Mortgage or Deed of Trust; and

  g.  the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.f., above; and

9.  To execute and deliver estate related documents (ie. petition applications, affidavits) for the purpose of seeking the appointment of a fiduciary for the estate of the deceased borrower(s); and

10.  To execute any other documents referred to in the above-mentioned documents or that are ancillary or related thereto or contemplated by the provisions thereof; and to do all things necessary or expedient to give effect to the aforesaid documents including, but not limited to, completing any blanks therein, making any amendments, alterations and additions thereto, to endorse which may be considered necessary by the Attorney, to endorse on behalf of the Trustee all checks, drafts and/or negotiable instruments made payable to the Trustee in respect of the documents, and executing such other documents as may be considered by the Attorney necessary for such purposes.

The relationship of the Bank and the Attorney under this Limited Power of Attorney is intended by the parties to be that of an independent contractor and not that of a joint venture, partner, or agent.

**This Limited Power of Attorney is effective for one (1) year from the date hereof or the earlier** of (i) revocation by the Bank, (ii) the Attorney shall no longer be retained on behalf of the Bank or an affiliate of the Bank; or (iii) the expiration of one year from the date of execution.

**The authority granted to the Attorney-in-Fact by the Limited Power of Attorney is not transferable to any other party or entity.**

This agreement shall be governed by, and construed in accordance with, the laws of the State of New York without regard to its conflicts of law principles.

All actions heretofore taken by said Attorney, which the Attorney could properly have taken pursuant to this Limited Power of Attorney, be, and hereby are, ratified and affirmed.

NAAC 2005-AR2

IN WITNESS WHEREOF, **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor-in-interest to all permitted successors and assigns of JPMORGAN CHASE BANK N.A.**, as Trustee, pursuant to that Pooling and Servicing Agreement among the Depositor, the Seller, the Servicer, and the Trustee and Custodian, dated as of April 1st 2005, and these present to be signed and acknowledged in its name and behalf by Michael S. Thompson and Brandon D. Coney its duly elected and authorized Vice President and Vice President this 5th day of April, 2016.

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor-in-interest to all permitted successors and assigns of JPMORGAN CHASE BANK N.A. as Trustee, for certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2**

By: _____
Name: Michael S. Thompson
Title: Vice President

By: _____
Name: Brandon D. Coney
Title: Vice President

Witness: _____
Printed Name: Jude Cooke

Witness: _____
Printed Name: Shelley Jakell

ACKNOWLEDGEMENT

STATE OF PENNSYLVANIA    §

COUNTY OF ALLEGHENY     §

Personally appeared before me the above-named Michael S. Thompson and Brandon D. Coney, known or proved to me to be the same person who executed the foregoing instrument and to be the Vice President and Vice President of **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor-in-interest to all permitted successors and assigns of JPMORGAN CHASE BANK N.A.**, as Trustee, for certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2, and acknowledged that they executed the same as their free act and deed and the free act and deed of the Trustee.

Subscribed and sworn before me this 5th day of April, 2016.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Paul Schaefer III, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Sept. 4, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

NOTARY PUBLIC   Paul Schafer III
My Commission expires: 9/4/2017

NAAC 2005-AR2