FILED
IN CLERK'S OFFICE
2024 AUG -7 PM 12: 47
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:24-cv-11614-AK

---

**MICHAEL DAVID SCOTT**

    Plaintiff

v.

**THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK N.A. AS TRUSTEE , FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2,**

    Defendants

**OPPOSITION OF MOTION TO DISMISS THE
COMPLAINT FILED PURSUANT TO FED. CIV . P. 12(b)6**

1

Now comes Michael D. Scott, the plaintiff in the above caption matter opposing the motion to dismiss, for reasons stated below:

## BACKGROUND

This case involves the challenge of the defendant's right to foreclose on the property at 6 Erick Road #52 Mansfield MA, 02048. The property is occupied by Mr. Scott's elderly mother, who is disabled and blind, she is ninety-six years old and is unable to walk or take care of herself. Mr. Scott's aunt also lives at the property to assist his elderly mother.

Before filing this motion, Mr. Scott attempted to modify the loan so that his elderly mother could live comfortably in the property. The lender, the defendant in this matter, has denied the application for many modifications based on unreasonable and non-justifiable findings or strict rules implemented only to circumvent Mr. Scott's request.

A FRCP 12(b)(6) motion to dismiss asks the court to test the legal sufficiency of the complaint's factual and legal allegations. In ruling on it, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Having done so, the court then asks whether the complaint's allegations contain sufficient facts to state a legal claim for relief that is plausible on its face.

The Supreme Court has set out a two-pronged approach to evaluating complaints under this standard. First, because the presumption of truth does not apply to legal conclusions, the trial court is instructed to go through the complaint and disregard legal conclusions couched as factual allegations, Complaints that contain a recital of the elements of a cause of action supported with

2

conclusory statements of fact will not survive this stage of the 12(b)(6) inquiry. In the case at hand, Mr. Scott's complaint contains sufficient facts for a jury to determine whether or not the defendant, is entitled to foreclose on the property at six Erick Road #52 Mansfield MA, 02048, and to decide on Scott's 93A claims.

## ARGUMENT

### The Defendant Lack Standing To Foreclose Because The Confirmatory Assignment Was Not Validly Made

The defendants claim that the confirmatory assignment is valid because it was meant to correct a "scrivener" error", but that is not the case at all. However, "A confirmatory assignment cannot confirm an assignment that was not validly made earlier or backdate an assignment being made for the first time" See. Juarez V. Select Portfolio Services Inc. 780 F. 3d 269,279 (1st Cir. 2013). In this case, the original assignment made on March 27, 2009 (Exhibit I), and recorded in the Bristol County registry of deeds, in Book 1882 Pg. 18, failed to state that Mortgage Electronic Registration Systems, Inc, (MERS) was acting as nominee for Gateway Funding Diversified Mortgage Services, this is a material omission because MERS was not the owner of the mortgage to assign any mortgage. Therefore, the assignment was invalid from the outset. According to the court in Juarez Id., For there to be a valid confirmatory assignment here, a valid written assignment must have taken place before foreclosure proceedings began and, in this case, the original assignment was not valid.

A change in the identity of the assigning party is not some defect to be corrected, it is an attempt to alter the assignment illegally instead of to confirm an earlier assignment, See. Butler

3

v. Deutsche Bank Trust Co. AMS LEXIS 114196 (D. Mass Aug. 2012). Although the Supreme Judicial Court in U.S. Bank Nat'l Assoc. v. Ibanez, 458 Mass. 637, 651, 941 N.E.2d 40, 53 (Mass.2011) indicated that a defect in assignment could be resolved by the recording of a "confirmatory assignment," "[w]here an earlier assignment is not in recordable form or bears some defect," it emphasized that such a confirmatory assignment "cannot confirm an assignment that was not validly made earlier." Ibanez, 458 Mass. at 654, 941 N.E.2d 4. Since MERS was not acting in its lawful authority as "nominee" when the assignment was made on March 27, 2009, that assignment was invalid and could not be corrected by the confirmatory assignment made on September 24, 2012, Book 20485 Pg. 97 (Exhibit II).

## Defendant Is Not The Note Holder

Mr. Scott has conferred with counsel for the defendant and counsel states that he has possession of the original note and will present the note at a hearing or decide for Mr. Scott to view the note at some point in the future. Mr. Scott states that he has not verified that counsel has the original note so he does not concede this claim.

## Scott's 93A Claim

Mr. Scott has provided counsel with a copy of the 93 A demand letter )Exhibit III), which was sent to the defendants on August 7, 2023. The defendants have not responded to the demand. Indeed, the defendants' actions were deceptive, because they were well aware that they did not properly hold the mortgage but continued to pursue foreclosure on the property. This in itself is deceptive, as well as the defendants' practices and conduct when it denied Scott's request for modification.

## CONCLUSION

Therefore, Mr. Scott ask that the court deny the defendant's motion to dismiss his claims and proceed with the court proceedings before a jury to determine whether or not the defendant has standing to foreclose, because it does not hold the mortgage by a valid assignment and the note is subject to review as well as a hearing to determine the extent of the 93A claim.,

Respectfully submitted

Michael D. Scott

Pro-Se

8 Tiffany Road

Bourne Ma, 02532

August 4, 2024

## PROOF OF SERVICE

Now comes Michael D. Scott, the plaintiff in the above-captioned matter, affirming that a copy of this opposition was sent to David E. Fialkow, One Congress Street Boston Ma, 02114.

Respectfully Submitted,
Michael D. Scott

_____

8 Tiffany Road
Bourne MA, 02532

August 4, 202414, 2024