# EXHIBIT III

Michael D. Scott

40 Old Stable Drive

Mansfield MA, 02048

(774)-284-3079

Email: mscott123@outlook.com

Orlans PC

PO Box 540540

Waltham, MA 02454

Attn: SCRA,

Wells Fargo Bank, NA

3476 State View Boulevard

Fort Mill, South Carolina, 29715

Attn: Loss Mitigation

August 7, 2023

## M.G.L. 93A § 9 Demand Letter

Under the provision of Massachusetts General Laws, Chapter 93 A, Section 9, I, Michael D. Scott and Eunice M. James-Scott, spouse of Michael D. Scott (the Scotts), hereby make a written demand for relief as outlined in the statute. Section 9 allows an individual injured by any method, act, or practice declared unlawful by Chapter 93A, Section 2, or certain other statutes to bring a claim against that entity.

1

1) On August 3, 2003, an Order of Notice was filed in the Taunton of registry of deeds stating that "The Bank of New York Mellon Trust Company, N.A. . as successor -in interest to all permitted successors and assigns of JP Morgan Chase Bank N.A. as Trustee, for certificate holders of Nomura Asset Acceptance Corporation, Mortgage Certificates, Series 2005-AR2, was the holder of the mortgage book 28518 Pg. 146.

2) On April 8, 2019, you filed an assignment in the Taunton Registry of deeds that U.S. Bank National Association as Trustee for Terwin Mortgage Trust 2005-7sl, Asset-Backed Certificate. Series 2005 was the mortgage holder by assignment from MERS, book 25025 Pg. 30.

3) On January 9, 2017, you filed an assignment that The Bank of New York Mellon Trust Company, N. A. As Successor in Interest to all permitted successors and assigns of JP Morgan Chase Bank N. A. as Trustee, For Certificate Holders Of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 was the holder of the mortgage- book 23520 Pg. 268- 270.

4) On August 4, 2009, you filed a notice in the Taunton registry of deeds that MERS had assigned the Mortgage to The Bank of New York Mellon Trust Company NA, fka The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for Nomura Asset Acceptance Corporation, Alternate Loan Trust Series 2005- AR2 was the holder of the mortgage----book 18282 Pg. 18.

5) On February 15, 2013, you filed an assignment that The Bank of New York Mellon Trust Company NA, fka The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for certificate holders of Nomura

Asset Acceptance Corporation Mortgage Pass-through Certificate Series Trust Series 2005- AR2 was the holder of the mortgage, book 20843 pg. 144,

6) On September 27, 2012, you filed a confirmatory assignment in the Taunton registry of deeds that: The Bank of New York Mellon Trust Company NA, fka The Bank Of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA as Trustee for NAAC Mortgage Pass-through Certificate Series Trust Series 2005- AR2 was the holder of the mortgage—book 20485 Pg. 97.

Clearly, based on your filings in the Taunton registry of deeds, the mortgage's chain of title is broken, and the Order of Notice is defective because the mortgage holder in your order of notice is inconsistent with your filings. Moreover, your filings are fraudulent; you do not have the right to foreclose on the property at 6 Erick Road # 52, Mansfield, MA, 02048 because you need to hold the mortgage. It is undisputed that you do not know who owns the mortgage; as a result, I will be filing a complaint against your attorneys for filing a fraudulent Order of Notice in the Commonwealth of Massachusetts land court.

On a secondary basis, I have asked several times whether you hold the original note securing the mortgage at 6 Erik Road # 52 Mansfield, MA, 02048. In Massachusetts, to be entitled to foreclose, you must be the holder of the original note and the mortgage holder. Therefore, your attempt to proceed with foreclosure is deceptive according to the M.G.L 93 A,

Chapter 93A provides consumers with a private right of action regarding "unfair and deceptive acts or practices in the conduct of any trade or commerce." **MASS. GEN. LAWS Ch. 93A, §§ 2, 11.** "To prove such a claim, it is neither necessary nor sufficient that a particular act

3

or practice violates common or statutory law." <u>Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.</u>, 552 F.3d 47, 69 (1st Cir. 2009). "Massachusetts courts evaluate unfair and deceptive trade practice claims based on the circumstances of each case," leaving "the determination of what constitutes an unfair trade practice to the finder of fact, subject to the court's performance of a legal gate-keeping function." Id. The following factors apply to such a determination: "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." Id. (internal quotation marks omitted).

Your actions have caused severe trauma and stress; my 96-year-old mother lives in the unit and suffers from severe anxiety because she might lose her home. Additionally, you have failed to modify the mortgage because you have used dilatory tactics and rejected any request for modification. Because of your unlawful filing, we are subject to multiple investors ringing the doorbell out of control, seeking to buy the property; this constant distraction is causing additional trauma to my elderly mother, who resides at the unit.

We are giving you the opportunity for an amicable settlement on this matter. If you fail to respond within thirty days of receiving this letter. In that case, we will also file a suit against you, seeking triple damages, in the United States District Court for the District of Massachusetts or Suffolk Superior Court.

Michael D. Scott

40 Old Stable Drive

Mansfield MA, 02048

4