UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL DAVID SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK, AS TRUSTEE, FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2 <br><br> Defendants. | Civil Action No. 1:24-cv-11614 |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The Bank of New York Mellon Trust Company, N.A., as Successor-in-Interest to All Permitted Successors and Assigns of JP Morgan Chase Bank N.A., as Trustee, for Certificate Holders of Nomura Asset Acceptance Corporation, Mortgage-Pass Through Certificates, Series 2005-AR2 ("Defendant") submits this reply brief in response to Plaintiff's Opposition of Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Opposition") and in further support of its Motion to Dismiss ("Motion").[1]

The Opposition fails to stave of dismissal of the Complaint because its fails to show that MERS could not assign the Mortgage. To the contrary, overwhelming case law shows that MERS

---

[1] Capitalized terms used herein shall have the meaning attributed in Defendant's original memorandum of law in support of its Motion. Doc. No. 10.

may assign mortgages. Second, the Opposition confirms that Plaintiff has pleaded no facts to support any viable claim related to the status of the Note. And, third, the Opposition exposes why the Chapter 93A claim fails for lack of a valid demand letter and on the merits.

I. **MERS Had Full Authority To Assign The Mortgage.**

In the Opposition, Plaintiff argues that the First Assignment (Doc No. 10, Ex. 2), "failed to state that Mortgage Electronic Registration Systems, Inc, (MERS) was acting as nominee for Gateway Funding Diversified Mortgage Services, [and] this is a material omission because MERS was not the owner of the mortgage to assign any mortgage." Doc No. 14, p.3. Plaintiff's argument that MERS was not the owner of the mortgage cannot be reconciled with the plain language of the Mortgage or settled Massachusetts law.

The Mortgage explicitly provides that "MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successor and assigns. *MERS is the mortgagee under this Security Instrument*." (emphasis added). Doc No. 10, Ex. 1, p. 1. Next, on page 2 of the Mortgage, Borrower grants the power of sale to the mortgagee, MERS, and lastly, on page 3, Borrower agrees that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests..." Doc. No. 10, Ex. 1, p. 2, 3. With this authority from the Mortgage, and absent a provision in the Mortgage restricting transfer—and there is none here—as mortgagee, MERS "may assign its mortgage to another party." Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 292 (1st Cir. 2013) ("MERS role as mortgagee of record and custodian of bare legal interest as nominee ... fit comfortably within the structure of Massachusetts mortgage law"); see Serra v. Quantum Servicing, Corp. 747 F.3d 37, 40 (1st Cir. 2014) ("MERS may validly possess and assign a legal interest in a mortgage."); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 355 (1st Cir. 2013) ("MERS, as the mortgagee of record, possessed the ability to assign [the]

2

mortgage"); Perreira v. Bank of N.Y. Mellon, No. 16-11467, 2016 WL 6963032, at *2 (D. Mass Nov. 28, 2016) ("MERS is unquestionably a proper mortgagee under First Circuit Law."). Thus, under both the Mortgage and controlling Massachusetts law, MERS, as mortgagee, may assign the Mortgage.

The Confirmatory Assignment is not a problem at all – it does not change the assignor, MERS, but instead, clarifies the capacity in which it acted. Plaintiff misunderstands that MERS remained the assignor in both the First Assignment and the Confirmatory Assignment. The Confirmatory Assignment simply corrected a scrivener's error in the name of assignee, not in the identity of MERS as the assigning mortgagee.[2] Nonetheless, Plaintiff insists that MERS incorrectly changed the identity of the assigning party and invalidated the original assignment. MERS, however, was and remained the assignor under both assignments. Plaintiff does not provide any authority that supports his position. Instead, he relies upon Butler v. Deutsche Bank Trust Co. Ams., 2012 U.S. Dist. LEXIS 114196, *25 (D. Mass 2023), however, that case is easily distinguished. First, Butler confirms that well-settled principal that MERS may assign mortgages. Id at. 21 ("MERS has the power to assign a mortgage."). Second, in that case, the confirmatory assignment attempted to change the assignor from MERS to Deutsche Bank Trust Company Americas as Trustee – a different entity altogether. Id. at n. 6. Thus, the confirmatory assignment in Butler attempting to change the assignor to a different entity is completely unlike this case where MERS remained the assignor in this Confirmatory Assignment.

---

[2] The Confirmatory Assignment corrected the name of the assignee from "The Bank of New York Mellon Trust Company NA, fka The Bank of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA, as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2" to "The Bank of New York Mellon Trust Company NA, fka The Bank of New York Trust Company NA as Successor in Interest to JPMorgan Chase Bank NA as Trustee for NAAC Mortgage Pass Through Certificates Series 2005-AR2." For what it is worth, "minor correction of the name of the trust clearly functions as a confirmatory assignment." See Bek v. Wells Fargo Home Mortgage, 2018 WL 4292284, *8 (D. Mass. Sept. 7, 2018)

This case is more like <u>Tucker v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr., Inc.</u> where the District Court quickly dispensed with the distinction between whether MERS acts in a nominee capacity. 292 F. Supp.3d 546, 552 (D. Mass. 2018) <u>aff'd sub nom.</u> <u>Tucker v. US Bank, N.A. as Tr. for Citigroup Mortg. Loan Tr., Inc., 2006-HE3, Asset Backed Pass Through Certificates, Series 2006-HE3</u>, No. 18-1232, 2019 WL 13217415 (1st Cir. June 14, 2019). In that case, the confirmatory assignment removed the clarification from the original assignment that MERS was acting as nominee. The Court correctly noted that "[i]f MERS's erroneous identification of itself as "nominee" in 2011 is defective, the second assignment would constitute a valid correction of the first ... [and E]ven if the 2011 assignment from MERS "as nominee" rendered it void (rather than voidable), the title would have been effectively transferred to the assignee bank according to the terms of the 2013 confirmatory assignment." <u>Id</u>. In other words, it does not matter in which capacity MERS acts because it is the mortgagee of record, and it has the power to assign the Mortgage as a matter of settled law. All that is required to transfer a mortgage in Massachusetts, is that an assignment identify the property and state that the assignor "assigns" the mortgage to the assignee; no magic word are needed. <u>See</u> G.L. c. 183, § 28 ("In an assignment of a mortgage of real estate the word 'assign' shall be a sufficient word to transfer the mortgage"). As mortgagee, MERS meets these minimal requirements, because both the First Assignment and Confirmatory Assignment (1) identify the Property, (2) are signed by the assignor MERS, and (3) state that the assignor assigns the Mortgage to the assignee. <u>See</u> Doc No. 10, Exs. 2-3. Thus, the First Assignment and the Confirmatory Assignment are valid.

## II. **Plaintiff Has Not Sufficiently Pled The Status Of The Note.**

Plaintiff has failed to plead a claim that the foreclosing mortgagee is not the holder of the note or acting at the behest of the note holder, which is what Massachusetts law requires. <u>See</u>

4

Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 585-86 (2012).  Instead, the Opposition makes clear that any allegations regarding the status of the note are pure speculation supported by no facts whatsoever.  Nonetheless, the original note is available for inspection at hearing or otherwise.

### III.     Plaintiff Has Not Properly Alleged A Chapter 93A Claim.

Plaintiff has not alleged the mailing of a required pre-suit demand letter.  The Opposition makes clear why.  Plaintiff has now provided a copy of what appears to be an August 7, 2023 letter.[3]  Doc. No. 14, Ex. 3, p. 1.  The letter, however, is addressed to "Orlans PC" and "Wells Fargo Bank, NA", neither of which are the Defendant.  For a valid pre-suit demand letter, the Chapter 93A demand letter must be sent to the prospective respondent.  See G.L. c. 93A, § 9(3); Smith v. Jenkins, 777 F. Supp. 2d 264, 269 (D. Mass. 2011) (finding demand letter did not comply with Chapter 93A when it was sent to wrong address).  Since Plaintiff's Opposition makes clear that he did not send a demand letter to Defendant, his claims fail.

Of course, even if the demand letter had been alleged and correctly addressed to and received by Defendant, it still changes nothing as to the substance.  Defendant is the correct entity to foreclose.  It could not have violated Chapter 93A by engaging in conduct permitted by the terms of the Mortgage and Massachusetts law.  Accordingly, the Chapter 93A claim must be dismissed.

---

[3] After the filing of the Motion, in response to counsel's request for a copy of any demand letter, Plaintiff provided a word version of the letter as opposed to a pdf or something with proof of mailing.  It appears that the exhibit is the same word document provided to counsel.

Conclusion

Plaintiff has failed to state any viable cause of action. For the reasons set forth above and in its original memorandum, Defendant respectfully requests that the Court (1) grant its motion to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); (2) enter judgment dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); (3) and grant such other and further relief that it deems appropriate.

Respectfully submitted,

The Bank of New York Mellon Trust Company, N.A., as Successor-in-Interest to All Permitted Successors and Assigns of JP Morgan Chase Bank, as Trustee, for Certificate Holders of Nomura Asset Acceptance Corporation, Mortgage-Pass Through Certificates Series 2005-AR2

By its counsel,

*/s/ David E. Fialkow*
David. E. Fialkow (BBO #666192)
david.fialkow@klgates.com
K&L GATES LLP
One Congress Street
Boston, MA  02114
+1 617 261 3126
+1 617 261 3175 (f)

Dated:  August 14, 2024

## **CERTIFICATE OF SERVICE**

      I, David E. Fialkow certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 14th day of August 2024.

                                                    */s/ David E. Fialkow*
                                                    David E. Fialkow