UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL DAVID SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> THE BANK OF NY MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JP MORGAN CHASE BANK, AS TRUSTEE, FOR CERTIFICATE HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005 - AR2, <br><br> Defendant. | Civil Action No. 24-CV-11614-AK |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**A. KELLEY, D.J.**

Plaintiff Michael David Scott ("Scott") brings this action against Defendant The Bank of New York Mellon Trust Company, N.A. as Successor-in-Interest To All Permitted Successors and Assigns of JP Morgan Chase Bank, as Trustee, For Certificate Holders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 ("Defendant") to challenge the foreclosure of his house. Defendant moves to dismiss this Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. [Dkt. 9]. For the following reasons, Defendant's Motion is **GRANTED** and Scott's Complaint is **DISMISSED**.

1

I.  DISCUSSION

This case is about a foreclosure of a house owned by Scott that his mother formerly resided in. Scott presents three claims to challenge the foreclosure: (1) Defendant is not the holder of the Note; (2) Defendant is not the holder of the mortgage; and (3) Defendant is in violation of Mass. Gen. Laws ch. 93A because it asserts it was the holder of the note and mortgage. [Dkt. 1-3]. On January 10, 2005, Scott obtained a loan from Gateway Funding Diversified Mortgage Services, LP ("Gateway") for the house located at 6 Erick Road, Mansfield, Massachusetts 02048. [Dkt. 10-1 at 1-3]. Scott executed a promissory note for $180,000, secured by the mortgage with MERS acting as "nominee" for Gateway and its successors and assigns. [Id. at 2]. Specifically, the mortgage text reads: "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property[.]"). [Id. at 2]. The mortgage was recorded in book 14426 at page 310 of The Northern Bristol County Registry of Deeds. [Dkt. 10 at 2].

A series of assignments took place that land the mortgage in Defendant's possession. First, MERS executed an assignment on March 27, 2009, to The Bank of New York Mellon Trust Company NA, fka, The Bank of New York Trust Company, NA as Successor in interest to JP Morgan Chase Bank, NA, as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust Series 2005-AR2. [Dkt. 10-2 at 2]. Scott seems to challenge the validity of this assignment. While the role of MERS in the mortgage world is an obscure one, it is one that has been widely discussed and it is now settled that MERS can validly assign a mortgage on behalf of the lender. See Hayden v. HSBC Bank USA, Nat'l Ass'n, as Tr. for Wells Fargo Asset Sec. Corp. Mortg. Asset-Backed Pass Through Certificates Series 2007-PA3, 956 F.3d 69, 70 (1st

Cir. 2020) (holding that "MERS can validly assign a mortgage without holding beneficial title to the underlying property.").

Next, MERS executed a Confirmatory Assignment to "correct the scriveners error in the previous assignment recorded[.]" [Dkt. 10-3 at 2]. Scott argues that this Confirmatory Assignment is invalid "from the outset" because "MERS was not the owner of the mortgage to assign any mortgage." [Dkt. 14 at 3]. Scott further argues that the first assignment "failed to state that [MERS] was acting as nominee for [Gateway]." [Id.] However, there was a provision in the original mortgage that discussed MERS' role as a nominee. [See Dkt. 10-1 at 3] ("Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS[.]"). This language indicates that MERS had the authority to execute the assignment. See Armand v. Homecomings Fin. Network, No. CIV.A. 12-10457-LTS, 2012 WL 2244859, at *5 (D. Mass. June 15, 2012) ("Plainly, this language authorizes MERS and MERS' successors and assigns to execute the power of sale."). Moreover, as previously explained, MERS can assign a mortgage. See Hayden, 956 F.3d at 69; see also Samuelsson v. HSBC Bank USA on behalf of Ace Sec. Corp., 729 F. App'x 13, 15 (1st Cir. 2018).

Scott also argues that the "change in the identity of the assigning party" was "an attempt to alter the assignment illegally instead of to confirm an earlier assignment." [Dkt. 14 at 3]. This argument is misplaced because the name change was made to the assignee, not the assignor (or assigning party). Moreover, the "minor correction of the name of the trust clearly functions as a confirmatory assignment." Bek v. Wells Fargo Home Mortg., No. CV 18-11096-DHH, 2018 WL 4292284, at *8 (D. Mass. Sept. 7, 2018). Accordingly, the Court finds that the Confirmatory Assignment was valid.

Scott does not dispute the Second Assignment [Dkt. 10-4], or the Third Assignment [Dkt. 10-6], and the Court finds them both valid under Mass. Gen. Laws. ch. 183, § 54B, which "requires that the assignment be executed before a notary public, by a person purporting to hold a position such as vice president, secretary or assistant secretary of the entity that holds record title of the mortgage." Rosa v. Mortg. Elec. Sys., Inc., 821 F. Supp. 2d 423, 430 (D. Mass. 2011). All the assignments in the chain were notarized and signed by people holding authority.

Scott next challenges the foreclosure because the Defendant is not the original note holder. [Dkt. 14 at 4]. The right to foreclose requires a party to either have possession of the note or act on behalf of the note holder at the time of a foreclosure sale by filing an affidavit in the appropriate registry of deeds. See O'Brien v. Wilmington Tr. Nat'l Ass'n as Tr. to CitiBank, N.A., 506 F. Supp. 3d 82, 94 (D. Mass. 2020). In its motion papers, Defendant stated it had the note but had not yet showed it to Plaintiff. [Dkt. 10 at 10n.3] ("Defendant will make the Note available to the Court at a hearing on the motion to dismiss or otherwise. Defendant's counsel will also make the Note available for review by Plaintiff. During the meet and confer between counsel and Plaintiff regarding this motion, Plaintiff indicated that he would remove Cou[n]t I if his review of the Note is satisfactory."). At the hearing on December 20, 2024, Defendant provided the note to Scott who acknowledged and accepted its authenticity. Since Defendant possessed the original note and it was to Scott's satisfaction, this confirmed its right to foreclose. Thus, Count 1 fails.

Lastly, Scott alleges a 93A claim against the Defendant for "[their] practices and conduct when it denied [his] request for modification." [Dkt. 14 at 5]. However, Scott sent the 93A letter to "Orlans PC" and "Wells Fargo Bank," neither of which are a named defendant in the instant suit. Because "sending a demand letter to the Defendants is a pre-requisite to [] filing a Chapter

93A claim," Scott's 93A claim must fail.  Rhodes v. Ocwen Loan Servicing, LLC, 44 F. Supp. 3d 137, 143 (D. Mass. 2014).  Plaintiff's 93A claim was premised on alleged violations in Counts 1 and 2.  Those claims are dismissed, thus rendering Count 3 meritless.  Since all three claims fail, Scott fails to state a claim upon which relief may be granted.

## II.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. 9] is **GRANTED**.  This case is **DISMISSED**.

**SO ORDERED.**

Dated: January 8, 2025    /s/ *Angel Kelley*
Hon. Angel Kelley
United States District Judge